E. STEWART JONES HACKER MURPHY, LLP
Julie A. Nociolo, Esq. – Bar No. 519914
*Attorneys for Plaintiff*
28 Second Street
Troy, New York 12180
Telephone:    518-274-5820


UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
MAURICIA WALKER,

                     Plaintiff,

       -against-

TOWN OF COLONIE INVESTIGATOR
JAMES J. GERACE SR., in his individual
capacity, and JOHN DOES 1-10, Town of
Colonie Police Officers, in their
individual capacities.

                Defendants.
-------------------------------------------------------X

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Civil Action No.  1:21-cv-1010 (FJS/CFH)

Plaintiff MAURICIA WALKER, by and through her attorneys, E. STEWART JONES

HACKER MURPHY LLP, complaining of defendants, TOWN OF COLONIE

INVESTIGATOR JAMES J. GERACE SR. and JOHN DOES 1-10, Town of Colonie Police

Officers, all in their individual capacities, alleges as follows:

<u>**THE NATURE OF THIS ACTION AND FACTS OF THE CASE**</u>

    1.      Plaintiff seeks redress against defendants Town of Colonie Investigator James J.

Gerace Sr. and John Does 1-10, all in their individual capacities, due to the false arrest, unlawful

imprisonment, and malicious prosecution of the plaintiff in violation of her rights under the Fourth

and Fourteenth Amendments of the United States Constitution and the laws of the State of New

York.

1

**THE PARTIES**

2.      Plaintiff Mauricia Walker is a resident of the State of New York.

3.      At all relevant times, defendant Gerace was a duly appointed investigator of the police department of the Town of Colonie, acting under color of the laws of the State of New York.

4.      At all relevant times, defendants John Does 1-10 were duly appointed law enforcement officers of the police department of the Town of Colonie, acting under color of the laws of the State of New York.

**JURISDICTION AND VENUE**

5.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 for claims arising under Fourth and Fourteenth Amendments to the United States Constitution.

6.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for claims arising under the laws of the State of New York.

7.      Venue for this action properly lies in this district pursuant to 28 U.S.C. § 1931 because a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of New York.

**JURY DEMAND**

8.      Plaintiff hereby demands a trial by jury of all triable issues in this matter.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

9.      On or about February 27, 2020, plaintiff Mauricia Walker was arrested during a routine traffic stop in Valley Stream, New York on an arrest warrant from the Colonie Town Court in Colonie, New York for Class E felonies involving credit card fraud and theft.

10.    The charges arose from credit card fraud allegations that took place nearly two years earlier in 2018.

11.    Defendant Town of Colonie Investigator James J. Gerace Sr. led the criminal investigation, which resulted in Ms. Walker's arrest.

12.    Investigator Gerace prepared and signed the accusatory instruments alleging felony criminal charges against Ms. Walker.

13.    Before preparing and filing the accusatory instruments, Investigator Gerace reviewed surveillance video of the alleged incident.

14.    Surveillance video revealed a suspect who was approximately six feet tall.

15.    Ms. Walker is 4 feet 11 inches tall, which is indicated on her New York State driver's license.

16.    Prior to preparing and filing the accusatory instruments against Ms. Walker, Investigator Gerace obtained her photograph, home address, height, eye color, and date of birth from her driver's license on file with the New York State Department of Motor Vehicles.

17.    In addition to the height discrepancy, there were other obvious and significant differences between Ms. Walker's photograph obtained from her New York State driver's license and the depiction of the suspect from the surveillance footage.

18.    Investigator Gerace deliberately falsified or recklessly disregarded the factual differences between the identity of the suspect and Ms. Walker when he obtained an arrest warrant from Colonie Town Court.

19.    Investigator Gerace had no other evidence aside from surveillance video and Ms. Walker's driver's license to support that she was the suspect.

20.    Without evidence that Ms. Walker was the individual who committed the alleged felony offenses there was no probable cause to support her arrest warrant.

21.    Investigator Gerace knew or recklessly disregarded that probable cause did not support the arrest warrant for Ms. Walker.

22.    At the routine traffic stop on or about February 27, 2020, Nassau County Police Officers arrested Ms. Walker on the Colonie Town Court warrant.

23.    Following her arrest, Nassau County Police Officers contacted paramedics to transport Ms. Walker to a hospital.

24.    Paramedics transported Ms. Walker from the traffic stop to the Nassau University Medical Center in East Meadow, New York where she was held overnight.

25.    Ms. Walker remained in custody.

26.    Ms. Walker was held at the hospital until defendant John Doe 1 and 2, Town of Colonie Police Officers, arrived and she was transferred to their custody.

27.    Defendant officers then shackled her feet, placed her in handcuffs, and fastened a belt around her waist which held the handcuffs.  Defendant officers John Doe 1 and 2 transported Ms. Walker from Long Island north to Colonie, New York.

28.    Despite Ms. Walker's request to loosen the shackles on her hands and feet, defendant officers John Doe 1 and 2 refused and required her to wear the tight restraints for the duration of their approximately six-hour drive to Colonie, New York.

29.    As a result of the tight shackles, Ms. Walker suffered bruising to her arms.

30.    That night, Ms. Walker appeared before the Colonie Town Court where she was arraigned and released on her own recognizance.

31.    Ms. Walker was represented by the Albany County Public Defender's Office.

32.     Ms. Walker had an alibi for the criminal allegations against her.

33.     On the date of the alleged fraud and credit card theft, Ms. Walker was at work and she provided time sheets to her attorney which memorialized her work hours.

34.     At the time, Ms. Walker worked at Jzanus Home Care Incorporated where she served as a home health care worker.  Ms. Walker had worked for her employer for approximately four years.  She earned approximately $15.90 and $14.43 on the two client cases she was assigned when she was arrested.  At the time of her arrest, she worked five days a week for two back-to-back eight-hour shifts totaling sixteen hours per day.

35.     As a result of the criminal charges, Ms. Walker was fired from her employment.

36.     Ms. Walker learned that her two clients were let down because she could no longer work with them.  One client suffered from diabetes and the other suffered from behavioral health issues.

37.     Ms. Walker applied to nearly a dozen jobs during the pendency of her criminal case. She was denied from each one because her background check revealed that she had a pending felony.

38.     Because of Ms. Walker's unemployment she was later evicted from her home due to her financial inability to pay rent.

39.     For several months during the pendency of her criminal case, Ms. Walker was homeless and lived out of her car.

40.     Ms. Walker's criminal case was adjourned for over one year due to the pandemic.

41.     On or about March 10, 2021, the Albany County District Attorney's Office moved to dismiss the prosecution against her upon acknowledgment that the individual depicted on the

surveillance video was not her.  Colonie Town Court granted the People's motion to dismiss the case.

## COUNT ONE

### 42 U.S.C. § 1983

### False Arrest & False Imprisonment in Violation of the
### Fourth and Fourteenth Amendments of the United States Constitution
### (All Defendants)

42.     Plaintiff repeats and realleges each and every allegation above as if set forth fully herein.

43.     Even though plaintiff committed no crime, defendants, acting without probable cause, falsely arrested and unlawfully imprisoned plaintiff.

44.     As a direct and proximate result of the false arrest and unlawful imprisonment, plaintiff suffered damages.

45.     As a result of the foregoing, plaintiff is entitled to damages in an amount to be determined at trial, plus attorney's fees, expenses, costs, disbursements, and such other and further relief as this Court may deem appropriate.

## COUNT TWO

### False Arrest & False Imprisonment in Violation
### of the Laws of the State of New York
### (Against All Defendants)

46.     Plaintiff repeats and realleges each and every allegation above as if it is fully set forth herein.

47.     Even though plaintiff committed no crime, defendants, acting without probable cause, falsely arrested and unlawfully imprisoned plaintiff.

48.     As a direct and proximate result of the false arrest and unlawful imprisonment, plaintiff suffered damages.

49.     As a result of the foregoing, plaintiff is entitled to damages in an amount to be determined at trial, plus attorney's fees, expenses, costs, disbursements, and such other and further relief as this Court may deem appropriate.

## COUNT THREE

**Malicious Prosecution in Violation of the
Fourth and Fourteenth Amendments
of the United States Constitution
(Against All Defendants)**

50.     Plaintiff repeats and realleges each and every allegation above as if it is fully set forth herein.

51.     Defendants instituted a felony criminal action against Plaintiff.

52.     The criminal prosecution terminated in Plaintiff's favor.

53.     Defendants did not have probable cause to support the felony criminal charges against Plaintiff.

54.     Defendants acted with malice in instituting the criminal action against Plaintiff.

55.     Defendants deprived plaintiff of her liberty by instituting this criminal action.

56.     As a direct and proximate result of the malicious prosecution, plaintiff suffered damages.

57.     As a result of the foregoing, plaintiff is entitled to damages in an amount to be determined at trial, plus attorney's fees, expenses, costs, disbursements, and such other and further relief as this Court may deem appropriate.

## COUNT FOUR

**Malicious Prosecution in Violation of the**
**of the Laws of the State of New York**
**(Against All Defendants)**

58.     Plaintiff repeats and realleges each and every allegation above as if it is fully set forth herein.

59.     Defendants instituted a felony criminal action against Plaintiff.

60.     The criminal prosecution terminated in Plaintiff's favor.

61.     Defendants did not have probable cause to support the felony criminal charges against Plaintiff.

62.     Defendants acted with malice in instituting the criminal action against Plaintiff.

63.     Defendants deprived plaintiff of her liberty by instituting this criminal action.

64.     As a direct and proximate result of the malicious prosecution, plaintiff suffered damages.

65.     As a result of the foregoing, plaintiff is entitled to damages in an amount to be determined at trial, plus attorney's fees, expenses, costs, disbursements, and such other and further relief as this Court may deem appropriate.

## PRAYER FOR RELIEF

**WHEREFORE**, for the foregoing reasons plaintiff requests that this Court:

A.     Award compensatory damages to plaintiff against the defendants, jointly and severally;

B.     Award punitive damages against defendants, as determined by the jury;

C.     Award plaintiff all attorneys' fees, costs, and expenses available under the law;

D.     Award plaintiff all prejudgment and post-judgment interest available under the law;

      E.      Award plaintiff such additional and further relief as this Court may deem just and proper.

Dated:      September 13, 2021

              **E. STEWART JONES HACKER MURPHY, LLP**

              By:_____

                  Julie A. Nociolo

                  Bar Roll No. 519914